HARTEAU v. DEER PARK BLUE-STONE COMPANY.

*Contempt — recital of conviction in order — reference as to damages.*

Where an order, made at a special term, recites a determination by the court that a person named is guilty of a contempt in violating an injunction, the objection cannot be raised, on appeal, that it does not appear that he was convicted of the contempt. *Rugg* v. *Spencer,* 59 Barb. 383.

The ascertainment of the amount of damage sustained by a plaintiff by the violation of an injunction, by an individual, is a part of the proceeding to punish a party for a contempt of that character. And where an order of reference directed that such a proceeding be referred to a referee to take testimony in regard to the same, and report his opinion thereon; *held,* that the amount of damages which the plaintiff had sustained was a proper subject of testimony under such order.

Where the testimony before the referee tended to show that the party proceeded against had collected, as the agent of the defendant, contrary to the prohibition of the injunction, $671.47 of the assets of the defendant, and appropriated the same to his own use; *held,* that *prima facie,* the plaintiff was damnified to that extent by the transaction, provided his claim against the defendant was equal to that amount.

APPEAL by Adolphus E. Godeffroy, an agent and officer of the defendant, from an order of the special term convicting him of contempt in violating an injunction issued in this action, and imposing a fine therefor.

*Kobbe & Fowler,* for appellant.

*Lewis Beach,* for plaintiff.

TALCOTT, J.

The material points passed upon in the opinion appear in the head-note, and it is not believed necessary to publish the opinion in full.

*Order affirmed.*